1    JS-6

2

3

4

5

6

7              UNITED STATES DISTRICT COURT

8              CENTRAL DISTRICT OF CALIFORNIA

9

10   IGNACIO RAMOS and MARIA RAMOS,        )   CASE NO.   CV 13-1982-R
                                           )
11                      Plaintiffs,        )
                                           )
12          v.                             )   ORDER GRANTING MOTION TO
                                           )   DISMISS COMPLAINT
13                                         )
     OCWEN MORTGAGE SERVICING, INC.;       )
14   and DOES 1-100 inclusive,             )
                                           )
15                      Defendants.        )
                                           )
16                                         )
                                           )
17

18          Before the Court is Ocwen's ("Defendant") "Motion to Dismiss Plaintiffs' Complaint"

19   ("Motion"). The facts alleged in the Complaint generally relate to Plaintiffs' attempts to enter into

20   a loan modification agreement with Defendant.

21          "To survive a motion to dismiss, a complaint must contain sufficient factual matter,

22   accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S.

23   662, 678 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that

24   allows the court to draw the reasonable inference that the defendant is liable for the misconduct

25   alleged." *Id.* A court reviewing a motion to dismiss is not bound to "accept as true a legal

26   conclusion couched as a factual allegation." *Id.*

27          Plaintiffs' claim for negligence fails because there are insufficient allegations to support

28   the conclusion that Defendant owed Plaintiffs a duty of care. "As a general rule, a financial

institution owes no duty of care to a borrower when the institution's involvement in the loan transaction does not exceed the scope of its conventional role as a mere lender of money." *Lueras v. BAC Home Loans Servicing, LP*, 163 Cal.Rptr.3d 804, 816 (2013). "[A] loan modification is the renegotiation of loan terms, which falls squarely within the scope of a lending institution's conventional role as a lender of money." *Id.* at 820. The Complaint is entirely based on allegations regarding Plaintiffs' attempt to obtain a loan modification. Because Defendant did not owe Plaintiffs a common law duty with respect to the loan modification process, Plaintiffs' claim for negligence is dismissed.

As for the negligent misrepresentation claim, one of the required elements of such a claim is that the party to whom the misrepresentation was made must justifiably rely on that representation. *B.L.M. v. Sabo & Deitsch*, 55 Cal.App.4th 823, 834 (1997). This claim is based on the allegation that Defendant falsely represented to Plaintiffs that they would receive a permanent loan modification. The claim is dismissed because Plaintiffs have not pled any facts showing that they took any action, or decided not to take any action, in reliance on the allegedly negligent representation.

The claim for breach of the implied covenant of good faith and fair dealing also must be dismissed. "Every contract imposes upon each party a duty of good faith and fair dealing in its performance and its enforcement." *Foley v. Interactive Data Corp.*, 47 Cal.3d 654, 683 (1988). The covenant "exists merely to prevent one contracting party from unfairly frustrating the other party's right to receive the benefits of the agreement actually made." *Guz v. Bechtel Nat. Inc.*, 24 Cal.4th 317, 349 (2000). Thus, it does not "impose substantive duties or limits beyond those incorporated in the specific terms of [the] agreement." *Id.* at 350.

Plaintiffs admit that they were in default under the loan agreement. Compl. ¶ 9. The crux of the Complaint relates to allegations relating to Plaintiffs' attempt to reach a loan modification agreement. The only contract that the parties had, the loan agreement, did not give Plaintiffs the right to modify the contract. This claim therefore must be dismissed because Plaintiffs contend that Defendant failed to do something that Defendant was not required by the contract to do.

California Business and Professions Code § 17200 prohibits unlawful, unfair, or fraudulent

2

1   business practices. *Puentes v. Wells Fargo Home Mortg., Inc.*, 160 Cal.App.4th 638, 643 (2008).

2   Plaintiffs allege Defendant's conduct was fraudulent, but the allegation is subject to

3   dismissal because it is not pled with particularity. *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1125

4   (9th Cir. 2009) (finding that heightened pleading standard of Federal Rule of Civil Procedure 9(b)

5   applies to fraud allegations under § 17200). Specifically, the Complaint does not provide the

6   identity of the person who made the allegedly fraudulent representations, when the representations

7   were made, and what specific information the representations contained. *Id.* at 1126 (dismissing

8   fraud claim because the plaintiff "failed to articulate the who, what, when, where, and how of the

9   misconduct alleged."). Plaintiffs only generally allege that they were promised a loan modification

10  and did not get one.

11  Plaintiffs have also not alleged an unlawful business practice because the unlawful prong

12  of § 17200 borrows violations of other laws, and Plaintiffs have not adequately pled that

13  Defendant violated any other law. *Puentes*, 160 Cal.App.4th at 644.

14  Finally, the Complaint does not adequately state a claim for unfair competition. Such a

15  claim requires a showing that the "conduct threatens an incipient violation of antitrust law, or

16  violates the policy or spirit of those laws because its effects are comparable to or the same as a

17  violation of the law, or otherwise significantly threatens or harms competition." *Durell v. Sharp*

18  *Healthcare*, 183 Cal.App.4th 1350, 1366 (2010). Plaintiffs vaguely allege that Defendant's

19  conduct gives it an unfair advantage over competitors. Compl. ¶ 38. This claim fails because it

20  lacks any detail about how competition is harmed. Also, it is not plausible that Defendant's act of

21  speaking with its clients about potential loan modifications threatens or is harmful to competition.

22  Plaintiffs' final claim is for declaratory relief. "Where there is an accrued cause of action

23  for a past breach of contract or other wrong, declaratory relief is inappropriate." *Chang Bee Yang*

24  *v. Sun Trust Mortg., Inc.*, 2011 WL 902108, at *5 (E.D. Cal. 2011).  The Complaint is based on

25  allegations that Defendant wronged Plaintiffs with respect to the loan agreement and Plaintiffs'

26  attempts to obtain a loan modification.  As such, Plaintiffs' claims all relate to past conduct and

27  therefore the claim for declaratory relief is not appropriate and is dismissed.

28  / / /

3

1    Dismissal of the Complaint is without leave to amend because any amendment would be
2    futile. *Leadsinger, Inc. v. BMG Music Publ'g*, 512 F.3d 522, 532 (9th Cir. 2008).
3        **IT IS HEREBY ORDERED** that the Complaint is dismissed without leave to amend.
4    Dated: January 2, 2014.

8                                    MANUEL L. REAL
                                 UNITED STATES DISTRICT JUDGE